UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DARRELL WOODALL, ) | Case No. 5:06CV2329 |
| ) | 5:02CR255 |
| Petitioner, ) | |
| ) | JUDGE JAMES S. GWIN |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| UNITED STATES OF AMERICA, ) | <u>REPORT AND RECOMMENDATION</u> |
| ) | <u>OF MAGISTRATE JUDGE</u> |
| Respondent. ) | |

On September 21, 2006, the Sixth Circuit Court of Appeals remanded the pro se motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence by Petitioner, a federal prisoner currently incarcerated at the Big Sandy United States Penitentiary in Inez, Kentucky. Electronic Court Filing Dkt. #1 (hereinafter ECF Dkt., referring to filings in case number 5:06CV2329). The motion was filed with this Court on September 26, 2006 and Respondent filed an answer to the motion on February 2, 2007. *Id.*; ECF Dkt #5. For the following reasons, the undersigned recommends that the Court decline review of Petitioner's § 2255 motion as it is untimely filed and is not eligible for equitable tolling. Alternatively, the undersigned recommends that the Court find that none of Petitioner's grounds for relief are reviewable by this Court.

**I.       FACTUAL AND PROCEDURAL BACKGROUND**

On June 26, 2002, Petitioner was charged along with forty-three other individuals in a 101-count indictment. Docket #1 (hereinafter Dkt., referring to filings in case number 5:02CR255). On September 14, 2002, Petitioner withdrew his not guilty plea and entered guilty pleas to five of the

six counts in the indictment in which he was charged: counts 75, 80, 84, 91, and 98. Dkt. #447. These counts all involved the distribution of crack cocaine and the aiding and abetting in the distribution of crack cocaine in violation of 21 U.S.C. §§§841(a)(1), b(1)(B) and b(1)(C). Dkt. #447-448; ECF Dkt. #780 at 4. On December 6, 2002, the Court sentenced Petitioner to a term of 205 months of imprisonment followed by four years of supervised release and a $500.00 special assessment. Dkt. #655.

On January 9, 2003, upon receiving prior Court approval, Petitioner timely filed a notice of appeal to the Sixth Circuit Court of Appeals. Dkt. #s 668, 687. In his appellate brief, Petitioner alleged that the District Court erred by (1) refusing to credit him with any reduction for acceptance of responsibility and (2) assessing a two-level enhancement for his role in the offense. *United States v. Stallings*, Nos. 02-4461, 03-3011, 03-3012, 97 Fed. Appx. 608, 2004 WL 1043092 (6th Cir. May 6, 2004), unpublished. On May 6, 2004, the Sixth Circuit affirmed Petitioner's conviction, fully addressing each of his assignments of error. *Stallings,* 2004 WL 1043092 at \*\*7.

On February 23, 2006, Petitioner filed a motion pursuant to 28 U.S.C. §2244 in the Sixth Circuit Court of Appeals requesting an order authorizing the District Court to consider his second/successive application for relief under 28 U.S.C. §2255. *See* Sixth Circuit Court of Appeals Docket in Case No. 06-3271, February 23, 2006 filing. It appears that Petitioner attached the §2255 motion that he has filed here as he indicates on the §2255 form that he delivered this document to the prison authorities for mailing on January 9, 2006. ECF Dkt. #1 at 14. On September 21, 2006, the Sixth Circuit Court of Appeals denied Petitioner's motion as unnecessary because he had not filed a prior motion pursuant to 28 U.S.C. §2255. *See* Sixth Circuit Court of Appeals Docket in Case No. 06-3271, September 21, 2006 filing; Dkt. #858. The Sixth Circuit remanded his motion to this

Court for filing and consideration of the motion filed pursuant to 28 U.S.C. §2255. *Id.*

On September 26, 2006, the Court filed Petitioner's instant motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. ECF Dkt #1. Judge Gwin referred the instant case to the undersigned on January 7, 2007, and Respondent filed its answer to Petitioner's motion on February 2, 2007. ECF Dkt. #s 3, 5. Petitioner has filed a "response" to Respondent's answer. ECF Dkt. #6.

In his §2255 motion, Petitioner asserts the following grounds for relief:

> GROUND ONE: Court appointed attorney was in violation for not filing writ of certiorari which rendered him inefective[sic].
>
> (a) Supporting facts: Movent[sic] wrote a letter requesting lawyer file a writ of certiorari. He did not comply.
>
> GROUND TWO: Sentence imposed under sentencing guidelines that was greater than the maximum allowed by the facts to which the defendant admitted when pled guilty "violated Sixth" amendment.
>
> (a) Supporting facts: District court erred when it did not grant Darrell Woodall a decrease in the base level of the offense to which he plead guilty for acceptance of responsibility.
>
> GROUND THREE: Sentence imposed under sentencing guidelines that was greater than the maximum allowed by the facts to which the defendant [sic] when he plead guilty "violated Sixth amenment[sic]".
>
> (a) Supporting facts: The district court erred when it imposed upon Darrell Woodall an increase in the base level of the offense to which he pled guilty to for his role.

ECF Dkt. #1.

-3-

## II.     LAW AND ANALYSIS

Under 28 U.S.C. §2255, a federal inmate is provided with a post-conviction means of collaterally attacking his conviction or sentence. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Motions brought under Section 2255 are the sole means by which a federal prisoner can collaterally attack a conviction or sentence that he alleges to be in violation of federal law. *See United States v. Davis*, 417 U.S. 333 (1974); *United States v. Cohen*, 593 F.2d 766, 770 (6th Cir. 1979). Section 2255 sets forth four grounds upon which federal prisoners may challenge their conviction or sentence:

1. That the sentence was imposed in violation of the Constitution or laws of the United States;

2. That the court was without jurisdiction to impose such sentence;

3. That the sentence was in excess of the maximum authorized by law;

4. That the sentence is otherwise subject to collateral attack.

*United States v. Hill*, 368 U.S. 424, 426-27 (1962); 28 U.S.C. § 2255.

Motions to vacate, set aside, or correct a sentence pursuant to Section 2255 must be filed in the trial court that sentenced the prisoner. 28 U.S.C. § 2255; *Gregory,* 181 F.3d at 714. In order to prevail on a Section 2255 motion alleging constitutional error, the petitioner must establish that an error of constitutional magnitude existed that had a substantial and injurious effect or influence on the proceedings. *United States v. McNeil*, 72 F. Supp. 2d 801, 803 (N.D. Ohio 1999), citing *United States v. Watson*, 165 F.3d 486, 488 (6th Cir. 1999)(citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993)). In order to prevail on a Section 2255 motion alleging non-constitutional error,

the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (citing *United States v. Hill*, 368 U.S. 424, 428 (1968)).

### A. TIMELINESS

#### 1. STATUTE OF LIMITATIONS

Respondent moves the Court to dismiss Petitioner's §2255 petition as untimely filed. ECF Dkt. #5. Section 2255 requires a federal prisoner to file his motion to vacate, set aside or correct his sentence within one year of final judgment. 28 U.S.C. §2255. Generally, convictions become final upon conclusion of direct review. *United States v. Cottage,* 307 F.3d 494, 498 (6th Cir.2002). When a federal criminal defendant directly appeals to the court of appeals, his judgment of conviction becomes final pursuant to §2255 when the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court expires, even when he fails to file a certiorari petition. *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004), citing *Clay v. United States,* 537 U.S. 522, 532, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003).

Here, Petitioner directly appealed his conviction and sentence to the Sixth Circuit Court of Appeals and the Sixth Circuit issued its decision on Petitioner's direct appeal on May 6, 2004. *Stallings,* 2004 WL 1043092 at \*\*7. While the Sixth Circuit's mandate did not issue until May 28, 2004, it is the date of the appellate court decision and not the date of mandate that determines the date of final judgment referred to in §2255. *Clay,* 537 U.S. at 524-525. Thus, for §2255 purposes, final judgment occurred ninety days after the day following the May 6, 2004 decision of the appellate

court, which was August 4, 2004, the last day on which Petitioner could have filed a writ of certiorari with the United States Supreme Court. The counting down of the one-year statute of limitations period for filing a §2255 motion thus began from August 4, 2004. *Clay*, 537 U.S. at 524-525. Accordingly, Petitioner had until August 4, 2005 in which to file his §2255 motion.

It appears from his §2255 motion that Petitioner declares that he placed the motion in the prison mailing system on January 9[1], 2006. ECF Dkt. #1 at 14. Presumably, Petitioner filed this motion with the Sixth Circuit Court of Appeals when he sought an order authorizing his ability to file the §2255 as a second or successive petition. However, even accepting the January 9, 2006 date as the filing date for Petitioner's §2255 motion, this date is still well past the August 4, 2005 statute of limitations date that Petitioner had to meet in order to have this Court consider his §2255 motion. Consequently, the undersigned recommends that the Court DENY Petitioner's §2255 motion as untimely filed.

### 2. EQUITABLE TOLLING

Despite his untimely filing, Petitioner may still be entitled to this Court's review of his §2255

motion if he can show that he is entitled to equitable tolling of the statute of limitations in his case. In determining whether to apply equitable tolling, the Court looks at the following factors: (1) the

---

[1] The date scribed by Petitioner as the date of placing the instant §2255 motion in the prison mailing system is somewhat illegible, but appears to be January 9, 2006. The month and year are clearly legible, but the date is not. However, even presuming that Petitioner placed the motion in the prison mailing system on January 1, 2006, it is still well past the August 4, 2005 deadline.

petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States,* 250 F.3d 1000, 1008 (6th Cir. 2001)(adopting factors set forth in *Andrews v. Orr,* 851 F.2d 146 (6th Cir.1988)). These factors are not comprehensive, nor is each factor relevant in all cases. *Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006), citing *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir.), *cert. denied,* 537 U.S. 1091, 123 S.Ct. 699, 154 L.Ed.2d 638 (2002). Whether to apply equitable tolling is determined on a case-by-case basis. *Solomon*, 467 F.3d at 933, citing *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir.1998). However, Courts should grant equitable tolling sparingly. *Dunlap,* 250 F.3d at 1008-09.

The undersigned recommends that the Court find that Petitioner is not entitled to equitable tolling of the statute of limitations in this case. First, Petitioner does not discuss his lack of actual notice or constructive knowledge of the filing requirement. And his diligence in pursuing his rights is questionable as he waited from May 6, 2004 until January 2006 before he filed his motion in the Sixth Circuit Court of Appeals. *Stallings*, 2004 WL 1043092; Sixth Circuit Court of Appeals Docket in Case No. 06-3271, 2/23/06 filing. Further, Respondent will suffer prejudice in having to defend a case where judgment became final in 2004. Moreover, Petitioner presents no argument as to why it was reasonable for him to remain ignorant of the legal requirement for filing his motion. Accordingly, since all of the equitable tolling factors weigh heavily against Petitioner, and the undersigned is aware of no exceptional circumstances in this case for the granting of equitable tolling, the undersigned recommends that the Court find that Petitioner is not entitled to the equitable tolling of the statute of limitations for filing his §2255 motion.

**B.    DENY REVIEW OF THE MERITS**

Should the Court decide to find that Petitioner's §2255 motion was timely filed or is entitled to equitable tolling, the undersigned nevertheless recommends that the Court deny review of Petitioner's §2255 motion because his first ground for relief is barred from review and his last two grounds for relief were already addressed on direct appeal and no circumstances exist to warrant this Court's reconsideration of those grounds for relief.

**1.    GROUND FOR RELIEF NUMBER ONE**

In this ground for relief, Petitioner asserts that his appointed appellate counsel was ineffective when he failed to file a writ of certiorari in the United States Supreme Court even though Petitioner wrote him a letter requesting that he do so. ECF Dkt. #1 at 5. The undersigned recommends that the Court find that Petitioner cannot +ssert an ineffective assistance of appellate counsel claim for a failure to file a writ of certiorari in the United States Supreme Court because he has no right to counsel in this discretionary appeal.

Generally, in order to prove the ineffective assistance of counsel, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness and counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, in the instant case, the *Strickland* test need not be reviewed because Petitioner does not have a constitutional right to seek a petition for a writ of certiorari before the United States Supreme Court. *Washpun v. United States,* No. 02-1496, 109 Fed.Appx. 733, 735, 2004 WL 2030040 at **2 (6th Cir. Aug. 31, 2004), unpublished. The Sixth Circuit has explained:

> Review by the Supreme Court is discretionary, *Ross v. Moffitt,* 417 U.S. 600, 617, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), and "a criminal defendant does not have a constitutional right to counsel to pursue discretionary [ ] appeals or applications for review in [the Supreme] Court." *Wainwright v. Torna,* 455 U.S. 586, 587, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982). Where the defendant has no right to counsel, he cannot be deprived of the effective assistance of counsel. *See id.* at 587-88 ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel ...."); *Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (citing *Torna* for the proposition that "where there is no constitutional right to counsel there can be no deprivation of effective assistance"); *Anderson v. United States,* 221 F.3d 1333, 2000 WL 875729, at *2 (6th Cir. June 20, 2000) (Table) ("Counsel did not violate [petitioner's] right to effective assistance ... because [petitioner] has no right to effective assistance on discretionary review."); *McNeal v. United States,* 54 F.3d 776, 1995 WL 290233, at *2 (6th Cir. May 11, 1995) (Table) (holding that "where there is no constitutional right to counsel, the client's constitutional rights cannot be violated by the allegedly defective performance of his lawyer").

*Id*. Accordingly, since Petitioner possesses no constitutional right to the assistance of counsel in order to pursue a petition for a writ of certiorari before the United States Supreme Court, he cannot claim that his counsel was ineffective in failing to file the writ. *Id*. The undersigned therefore recommends that the Court decline review of this ground for relief.

### 2. GROUNDS FOR RELIEF TWO AND THREE

In ground for relief number two, Petitioner contends that the Court imposed a sentence under the sentencing guidelines that was greater than the maximum allowed by the facts that he admitted to when he entered his guilty plea. ECF Dkt. #1 at 6. He asserts that the Court erred by not granting him a decrease in the base level of his offense for his acceptance of responsibility. *Id*. In his third ground for relief, Petitioner argues that the Court erred in imposing an increase in the base level of his offense due to a leadership role. *Id*. at 8.

Petitioner acknowledges that he raised both of these issues on direct appeal to the Sixth Circuit Court of Appeals.  ECF Dkt. #1 at 7-8.  A petitioner may not use 28 U.S.C. § 2255 to relitigate an issue that was raised on appeal, unless highly exceptional circumstances, such as an intervening change in the law, find it warranted.  *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).  In *United States v. Stallings*, Defendant Woodall and two other Defendants appealed their convictions in the District Court.  Nos. 02-4461, 03-3011, 03-3012, 97 Fed. Appx. 608, 2004 WL 1043092 (6th Cir. May 6, 2004), unpublished.  In its decision, the Sixth Circuit included a separate factual and procedural history on each Defendant, including Petitioner, and indicated that Petitioner's issues on appeal were: "(1) that the district court erred in refusing to credit Woodall with any reduction for acceptance of responsibility and (2) that the district court erred in assessing a two-level enhancement for Woodall's role in the offense."  *Id*. at **2.

In finding that the District Court did not abuse its discretion in refusing to credit Petitioner with any reduction for the acceptance of responsibility, the Court found that the District Court had engaged in lengthy discussions with Petitioner and his counsel at sentencing on this issue and the court was well within its discretion to accept the recommendation of Petitioner's probation officer on the issue of acceptance of responsibility as the officer had indicated that Petitioner declined to accept responsibility, called himself a "victim" and referred to his actions as "little mishaps."  *Id.* at **3.  As to the leadership role enhancement issue, the Sixth Circuit reviewed the decision for plain error only after finding that Petitioner did not object to the two-level enhancement recommended in the presentence investigation report.  Upon review, the Court found "ample evidence" supporting a finding of a two-level enhancement for Petitioner's leadership role.  *Id*.

Since the same issues presented here were already addressed by the Sixth Circuit and Petitioner has not presented any exceptional circumstances to warrant reconsideration of these issues at this level, the undersigned recommends that the Court decline review of these grounds for relief.

### III.     CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner has untimely filed his §2255 motion and is not otherwise entitled to equitable tolling of the statute of limitations. Thus, the undersigned recommends that this Court dismiss Petitioner's §2255 motion *with prejudice*. Moreover, should the Court decide to find that Petitioner timely filed his §2255 motion or is otherwise entitled to equitable tolling, the undersigned recommends that the Court dismiss Petitioner's §2255 motion *with prejudice* as unreviewable for the above stated reasons.

Dated: July 13, 2007

                                              /s/George J. Limbert
                                              GEORGE J. LIMBERT
                                              UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).