UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
DARRELL WOODALL,                :         CASE NO. 5:06-CV-2329
                                              :
            Petitioner,                  :         JUDGE JAMES S. GWIN
                                              :
vs.                                        :         ORDER & OPINION
                                              :         [Resolving Docs. 1 & 8]
UNITED STATES OF AMERICA,   :
                                              :
            Defendant.                  :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 21, 2006, the Sixth Circuit Court of Appeals remanded Petitioner Darrell Woodall's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On September 26, 2006, the motion was filed with this Court. [Doc. 1.] On February 2, 2007, Respondent filed an Answer to Petitioner's Motion to Vacate, Set Aside or Correct Sentence. [Doc. 5.] On July 13, 2007, Magistrate Judge George J. Limbert issued a Report and Recommendation that this Court "decline review of Petitioner's § 2255 motion as it is untimely filed and is not eligible for equitable tolling." [Doc. 8.] Petitioner filed no objections to this Report and Recommendation. For the following reasons, the Court hereby **ADOPTS** the Report and Recommendation and **DISMISSES** Petitioner's Motion to Vacate, Set Aside or Correct Sentence with prejudice.

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1). Parties must file any objections to a Report and Recommendation within ten

-1-

Case No. 5:06-cv-2329
Gwin, J.

days of service. Failure to object within that time waives a party's right to appeal the magistrate judge's recommendation. FED. R. CIV. P. 72(a); *see Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Absent objection, a district court may adopt the magistrate judge's report without review. *Thomas*, 474 U.S. at 149.

In the instant case, Magistrate Judge Limbert recommends dismissal of Petitioner's Motion to Vacate as time barred and ineligible for equitable tolling. Petitioner has filed no objection to this recommendation. Upon thorough review, the Court agrees with Magistrate Judge Limbert's conclusion.

Pursuant to 28 U.S.C. § 2255, Petitioner may file a motion to vacate within one year of the date on which the judgment becomes final. As a general matter, a conviction becomes final for purposes of collateral attack at the conclusion of direct review. *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002).

> When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed.

*Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)).

In the instant case, the Sixth Circuit issued its decision denying Petitioner's direct appeal of his conviction and sentence on May 6, 2004. Therefore, judgement against Petitioner became final on August 4, 2004, the conclusion of the ninety-day period in which Petitioner could have filed a Writ of Certiorari with the United States Supreme Court. Pursuant to 28 U.S.C. § 2255, Petitioner was thus permitted to file a motion to vacate until August 4, 2005.

Case No. 5:06-cv-2329
Gwin, J.

Although Petitioner's Motion to Vacate was not properly filed with this Court until September 26, 2006, Petitioner appears to have placed the instant motion in the prison mailing system to be sent to the Sixth Circuit on January 9, 2006. In any case, at best, Petitioner's motion was not filed with any court until five months beyond the statutory period governing motions to vacate pursuant to § 2255.

Additionally, Petitioner has presented no grounds that would justify tolling the statutory period for any length of time. Petitioner has never suggested that he lacked notice of the filing requirement. Likewise, Petitioner waited more than 18 months to file his motion to vacate. As such, Petitioner has demonstrated no justification to prevent enforcement of the statutory filing requirement barring his motion.

Furthermore, even if the Court were to consider Petitioner's motion on its merits, it would fail. Petitioner's first ground for relief alleges that his appointed appellate counsel was ineffective for failing to file a Writ of Certiorari in the United States Supreme Court even though Petitioner wrote him a letter requesting that he do so. However, "a criminal defendant does not have a constitutional right to counsel to pursue discretionary . . . appeals or applications for review in . . . [the Supreme] Court." *Wainwright v. Torna*, 455 U.S. 586, 587 (1982). Given that Petitioner possesses no constitutional right to assistance of counsel in this instance, Magistrate Judge Limbert properly notes that "he cannot claim that his counsel was ineffective in failing to file the writ."

Finally, Petitioner's second and third claims were previously considered by the appellate court on direct appeal. "It is well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law." *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting

Case No. 5:06-cv-2329
Gwin, J.

*Giraldo v. United States*, 54 F.3d 776 (6th Cir. 1995)). Petitioner tangentially suggests that the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005), constitutes an intervening change in the law that would permit relitigation of previously raised claims in district court. However, the Sixth Circuit has held that *Booker* may not be applied retroactively to cases such as Petitioner's in which direct review has concluded and final judgment was issued prior to the *Booker* opinion. *Humphress v. United States*, 398 F.3d 855, 861 (6th Cir. 2005). As such, Petitioner's second and third claims for relief may not be relitigated before this Court.

For all the aforementioned reasons, the Court hereby **ADOPTS** Magistrate Judge Limbert's Report and Recommendation and **DISMISSES** Petitioner's Motion to Vacate with prejudice.

IT IS SO ORDERED.


Dated: August 7, 2007               s/      *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE